# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1286
LT Case No. 42-2024-CF-1010-A

_____

NICHOLAS JAMAL HUDSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Barbara Kissner, Judge.

Matthew J. Metz, Public Defender, and Evan Altes, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Tabitha
Mills, Assistant Attorney General, Daytona Beach, for Appellee.

July 24, 2026

EDWARDS, J.

    Nicholas Jamal Hudson, ("Appellant") appeals his conviction
and the denial of his motion to suppress evidence obtained
following a traffic stop of the vehicle in which he was riding as a

passenger.[1] Appellant claims that the officer impermissibly and unnecessarily prolonged the traffic stop for the purpose of summoning a K-9 team to the scene to conduct a drug detection sniff around the exterior of the car. Appellant points out that the officer radioed for the K-9 team approximately four (4) minutes after the stop was initiated, the K-9 arrived very quickly thereafter; however, a total of ten (10) minutes and twenty (20) seconds elapsed post-stop before the K-9 exterior sniff of the car began.

"It is well established that the use of a narcotics dog to sniff a vehicle does not constitute a search and may be conducted during a consensual encounter or traffic stop." *Whitfield v. State*, 33 So. 3d 787, 790 (Fla. 5th DCA 2010) (citing *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). "However, absent an articulable suspicion of criminal activity, the time an officer takes to issue a citation should last no longer than is necessary to make any required license or registration checks and to write the citation." *Id.* (citing *Maxwell v. State*, 785 So. 2d 1277 (Fla. 5th DCA 2001) (additional citations omitted)).[2] "[T]he canine search of the exterior of the vehicle must be completed within the time required to issue a citation." *Id.* (citing *Eldridge v. State*, 817 So. 2d 884, 887 (Fla. 5th DCA 2002)).

The State offered no evidence to justify the length of time that expired between the traffic stop and the K-9 walk around. The officer who stopped the vehicle did not issue a traffic ticket and couldn't recall whether he issued a written warning to the driver. We agree that the traffic stop was improperly and unnecessarily

---

[1] Appellant entered a no contest plea to the multiple charges lodged against him, which were based on contraband seized following the K-9 walk around. He reserved the right to appeal the denial of his motion to suppress, which was acknowledged below as dispositive.

[2] It is also appropriate for the officer to take time during the stop to determine if the driver or any passenger has any outstanding warrants. *Vangansbeke v. State*, 223 So. 3d 384, 386 (Fla. 5th DCA 2017).

prolonged. Accordingly, we quash the order denying Appellant's motion to suppress.

REVERSED and REMANDED.

HARRIS, J., concurs.
EISNAUGLE, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

EISNAUGLE, J., concurring.

I concur in the majority's decision because the State failed to carry its burden at the suppression hearing.

"[A] seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). For that reason, "[a] dog-sniff that prolongs a traffic stop . . . results in an unlawful seizure in violation of the Fourth Amendment absent reasonable suspicion to prolong the stop." *Vangansbeke v. State*, 223 So. 3d 384, 386 (Fla. 5th DCA 2017) (citing *Rodriguez v. United States*, 575 U.S. 348 (2015)). "The inquiry is whether the dog-sniff prolonged the stop beyond the necessary time to conduct the normal inquiries incident to a traffic stop—such as determining whether the driver and passengers have outstanding warrants—and to issue a traffic citation or warning." *Id.*

With no search warrant to authorize the search, "the state was obliged at the suppression hearing to demonstrate that the evidence sought to be suppressed was lawfully obtained." *Beasley v. State*, 939 So. 2d 220, 220–21 (Fla. 1st DCA 2006); *see also State v. Gay*, 823 So. 2d 153, 154 (Fla. 5th DCA 2002) (recognizing that when no search warrant has been issued, the state has the burden, on a motion to suppress, to establish that the evidence sought to be suppressed was obtained lawfully); *State v. Setzler*, 667 So. 2d 343, 345 (Fla. 1st DCA 1995) (same). "As a practical matter, absence of a search warrant in the court file suffice[s] to shift the burden of going forward to the prosecution." *Setzler*, 667 So. 2d at 345. There is no warrant in this case. The State therefore had the burden of proof below.

As the majority observes, our record contains no evidence establishing what transpired between the initiation of the traffic

4

stop and the dog sniff. We do not know whether the officer was investigating the traffic infraction, preparing a warning, or simply waiting for the K-9 unit. *See Jones v. State*, 187 So. 3d 346, 348 (Fla. 4th DCA 2016) (finding a Fourth Amendment violation where "the officer abandoned his reason for the traffic stop (writing the seatbelt citation) and instead chose to conduct the sniff of Defendant's vehicle"). Because the State failed to establish that the stop remained lawful at the time of the sniff, we must reverse.